# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

BOARD OF TRUSTEES OF THE OHIO
LABORERS' FRINGE BENEFIT
PROGRAMS,

    Plaintiffs,                                  :        Case No. 2:18-cv-280

   -vs-                                           Judge Sarah D. Morrison
                                                Magistrate Judge Kimberly A. Jolson

MASONRY CONTRACTING CORP.,
                                            :

   Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of a Report and Recommendation (R&R) issued by the Magistrate Judge on May 6, 2019 (ECF No. 26), and Defendant's Objection thereto (ECF No. 28). In the R&R, the Magistrate Judge recommended that the Court grant Plaintiffs' pending Motion for Default Judgment (ECF No. 25) and enter judgment against Defendant in the amount of $17,599.00, plus interest from the time of judgment at the rate of 1% per month, and the costs of this action. For the reasons that follow, the Court **OVERRULES** Defendant's objection, **AFFIRMS** and **ADOPTS** the R&R, and **GRANTS** Plaintiffs' Motion for Default Judgment.

**I. BACKGROUND**

Plaintiffs are the fiduciaries of three employee benefit trusts—the Ohio Laborers' District Council-Ohio Contractors' Association Insurance Fund, the Laborers' District Council and Contractors' Pension Fund, and the Ohio Laborers' Training and Apprenticeship Trust Fund—and one labor management cooperative trust—the Ohio Laborers' District Council-Ohio Contractors' Association Cooperation and Education Trust. (Compl., ¶ 2, ECF No. 1). These

1

trusts are collectively known as the "Ohio Laborers Fringe Benefit Programs." (*Id*.). Plaintiffs are also required by contract to collect contributions to the LIUNA Tri-Funds—three national labor management cooperative trusts. (*Id*.).

Plaintiffs filed a Complaint on March 7, 2018 against Defendant Masonry Contracting Corporation. Plaintiffs allege that Defendant breached various collective bargaining agreements by failing to make monthly contributions to the Ohio Laborers Fringe Benefit Programs and the LIUNA Tri-Funds. (*Id.* ¶ 6). Plaintiffs further allege that Defendant refused to permit an audit of its payroll records. (*Id.*).

Defendant was served with the Complaint on April 12, 2018. (ECF No. 4). Defendant did not, however, file an answer or otherwise respond to the Complaint. As a result, Plaintiffs filed an application for entry of default on May 29, and the Clerk entered default the next day. (ECF Nos. 5, 6). On June 18, Plaintiffs filed a Motion for Order Accelerating and Compelling Discovery, in order to "complete an audit of Defendant's payroll records and to seek the ultimate judgments that may be appropriate for unpaid fringe benefit contributions." (ECF No. 7). Noting the default entered against Defendant, the Magistrate Judge granted the Motion on June 19. (ECF No. 8). On July 12, Plaintiffs moved for an order to show cause why Defendant should not be held in contempt of court for failure to appear for a noticed deposition and production of documents. (ECF No. 9). However, Plaintiffs ultimately withdrew the request based on Defendant's cooperation in producing the requested documents. (ECF No. 19).

On December 30, 2018, Plaintiffs filed their initial Motion for Default Judgment (ECF No. 22). After withdrawing that document due to additional late contributions made by Defendant (ECF No. 24), Plaintiffs file a second Motion for Default Judgment on March 7, 2019, seeking $3,274.95 in unpaid contributions for February 2017 through December 2018, $7,464.12

in liquidated damages and interest, and $6,860.00 in attorney fees, plus interest from the time of judgment at the rate of 1% per month and court costs. (ECF No. 25). In support of the request, Plaintiffs filed an affidavit of attorney Steven Ball (ECF No. 25-1), an affidavit of Brian Gaston (Contractor Relations Manager of the Ohio Laborers' Fringe Benefit Programs (ECF No. 25-2)), and the applicable collective bargaining agreement, an accounting of Defendant's late payment contributions, and Mr. Ball's billing statement (ECF No. 25-3).

On May 6, 2019, the Magistrate Judge recommended that the Court grant Plaintiffs' Motion for Default Judgment, noting that Defendant had been served, Defendant had failed to obtain counsel, and default had been entered against it. (ECF No. 26). The Magistrate Judge also recommended awarding the damages requested in Plaintiffs' Motion in the amount of $17,599.00, plus interest from the time of judgment at the rate of 1% per month, and the costs of this action. (*Id.*) (citing ECF Nos. 25-1, 25-2).

On May 20, 2019, attorney Todd A. Harpst entered an appearance on behalf of Defendant and filed a timely Objection to the R&R. (ECF Nos. 27, 28). The Court proceeds to consider Defendant's argument.

## II. ANALYSIS

When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Here, Defendant challenges that "contrary to the Magistrate's finding, Defendant has now obtained counsel." (ECF No. 28). Defendant explains that while no formal appearance was

3

entered until May 20, 2019, defense counsel Todd Harpst has been involved in the case since July 25, 2018. As a result, Defendant argues that "it is unfair to impose the full liquidated damages and attorney's fees against [Defendant]" because Mr. Harpst had long been cooperating with Plaintiffs to determine the amount due for unpaid benefits through the production of records. (*Id.*).

"ERISA contains a mandatory scheme for remedying unpaid contributions whereby when a judgment in favor of the plan is awarded, the court 'shall' award the plan the following: the unpaid contributions, interest on the unpaid contributions, an amount equal to the greater of the interest on the unpaid contributions or liquidated damages, and reasonable attorney's fees and costs." *Directors of Ohio Conference of Plasters & Cement Masons Combined Funds, Inc. v. Industrial Contracting Co.*, No. 17CV125, 2018 WL 2735655, at * 2 (N.D. Ohio June 7, 2018) (citing 29 U.S.C. § 1132(g)(2)). Notably absent is any discretion for the Court to reduce the liquidated damages or attorney fees when an employer cooperates in the collection action's discovery process. Defendant does not point to any such authority. *See* Local Rule 7.2(b).

Defendant does not contest that liability was entered against it by way of a default entry[1] on May 30, 2018. Additionally, Defendant does not challenge the calculation of unpaid contributions, liquidated damages, or reasonable attorney fees awarded in the R&R or the sufficiency of the evidence provided by Plaintiffs in support of its Motion. Accordingly, because defense counsel's participation in discovery—either formally or informally—does not affect the

---

[1] To the extent Defendant is requesting this Court set aside the entry of default, the Objection filed does not address any of the good cause factors the Court is required to consider to take such action. Fed. R. Civ. P. 55(c); *see Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011).

4

amount of damages awarded to Plaintiffs, Defendant's Objection is not well taken. The Court finds no reason to modify or reject the R&R.

## III. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Defendant's Objection (ECF No. 28), **AFFIRMS** and **ADOPTS** the R&R (ECF No. 26), and **GRANTS** Plaintiffs' Motion for Default Judgment (ECF No. 25). The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE